IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Action No. 03-800 |
| | : | |
| TABARI MALIK ZAHIR | : | Civil Action No. 07-4524 |

**MEMORANDUM**

**Baylson, J.**                                                                                          **November 26, 2008**

Defendant- Petitioner, Tabari Malik Zahir, currently serving a term of imprisonment of 210 months for his conviction for two (2) counts of attempted possession with intent to distribute more than five kilograms of cocaine and five (5) counts of unlawful use of communication facilities in furtherance of a drug crime, has filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct the sentence imposed by this court on March 8, 2006.

Zahir appealed, and in a non-precedential opinion, filed October 16. 2007, No. 06-1995, the Third Circuit affirmed the conviction, found that the evidence was sufficient to sustain the conviction, and rejected the defendant's claims of errors in the admission of evidence at trial. The defendant had also raised violations of the Speedy Trial Act, and that his attorney was ineffective for failing to bring the matter to the attention of the Court, but the Circuit Court declined to rule on this issue, noting it could be brought up as grounds for post-conviction relief, and defendant has done so..

In this Section 2255 petition, the defendant has also raised a ground that the sealing of the indictment was prejudicial and improper, and in violation of Rule of Criminal Procedure 6(e)(4). It does not appear that the defendant raised this ground in his direct appeal, it does not raise any

constitutional issue or other serious deprivation of due process and therefore the Court will not consider the allegations of improper sealing in a § 2255 petition.

A Speedy Trial Issue

Concerning the Speedy Trial violation, the defendant contends that there were two speedy trial violations, the first relating to when he was first arrested and indicted, and the second occurred in the time leading up to his trial.

1.  First Period - 2003 - 2004.

As the Court of Appeals noted, and is undisputed, the defendant was arrested on November 7, 2003 and was ordered detained. He was indicted on December 3, 2003, but a Magistrate Judge dismissed the criminal complaint on March 10, 2004, and the defendant was released, apparently inadvertently. After the Magistrate Judge granted the government's Motion to Vacate the Dismissal, a bench warrant was issued in April, 2004 (docket no. 4) and the defendant was apprehended on November 14, 2004.

The defendant asserts that the first speedy trial violation took place concerning the dates prior to the dismissal of the criminal complaint on March 10, 2004. The Court has reviewed the record for this time period and finds that the government's summary of events at pages 2 - 3 of its brief are accurate. The circumstances do not show any violation of the Speedy Trial Act and the fact that the complaint was dismissed and the defendant was then released from custody negates any possible prejudice. The defendant had retained private counsel at that time, Guy Sciolla, Esquire, who also was defendant's counsel at the subsequent 2005 trial. After defendant became a fugitive and was rearrested, defendant retained once again Mr. Sciolla who had previously represented him, before the complaint was dismissed. His claim of ineffective counsel against Mr. Sciolla for failure to raise the violation of the Speedy Trial Act as to the 2003

- 2004 time period is refuted by the overall circumstances, including his retention of Mr. Sciolla after his 2004 arrest, and also the lack of prejudice because he was released from prison and became a fugitive.

    2.    <u>Second Period 2005 - 2005</u>.

The second time period that defendant alleges constitutes violation of the Speedy Trial Act took place after his arrest on November 14, 2004, resulting in the detention order as of December 6, 2004 (docket no. 5). The following day, defendant again retained Mr. Sciolla. Defendant was arraigned on December 6 or 13, 2004 (docket nos. 10 and 14). The indictment was unsealed on December 16, 2004. On January 18, 2005, defense counsel filed pretrial motions (docket nos. 16-18)) stopping the running of the speedy trial "clock."

On February 7, 2005, following a hearing before the undersigned, the defendant's trial, which had been scheduled to commence on February 7, 2005, was continued on defense motion until April 4, 2005, with Zahir's written consent that this would impact his speedy trial rights. The court entered an order to continue the trial as to Zahir pursuant to 18 U.S.C. § 3161(h)(8)(A), because of the fact that the undersigned, and also defendant's attorney were then involved in the trial of other matters. Also defendant's counsel had only recently obtained discovery material in the case, and the government consented to the trial continuance (docket no. 20).

As of April 4, 2005, the undersigned was engaged in an extended trial of multiple defendant and ordered the trial to be continued to July 5, 2005 (docket no. 23). On May 2, 2005, the court entered a further order for speedy trial delay for Tabari Malik Zahir, directing that excludable time be computed and entered in the record from the date of filing of the defendant's motion for discovery and motions for leave to file additional motions after discovery, until such time that hearing on those motions or other prompt disposition was made (docket no. 24). On

June 7, 2005, the court issued a notice of a pretrial hearing to be held on June 15, 2005. On June 15, 2005, following the hearing, the court entered an order requiring the government to produce in discovery an aerial surveillance videotape of the defendant no later than June 24, 2005.

On June 22, 2005, a superseding indictment was filed against the defendant, charging him with two counts of attempt to possess with intent to distribute five kilograms or more of cocaine (Counts One and Two) and five counts of unlawful use of a communication facility in furtherance of a drug crime (Counts Three through Seven). On July 5, 2005, a jury trial commenced. The trial continued through midday on July 6, 2005, when a recess was ordered. The trial resumed on July 11, 2005, and concluded on July 13, 2005, when the jury returned a verdict finding the defendant guilty of all counts (Counts One through Seven) of the superseding indictment. The jury also returned special interrogatories with its verdict, finding that the attempt to possess with the intent to distribute cocaine charges (Counts One and Two) each involved a quantity of five kilograms or more of cocaine.

Much of the defendant's claims of ineffective counsel surround his contention that defense counsel failed to file a Rule 29 motion alleging violation of the Speedy Trial statute. However, the record will show that such a motion was made orally at the conclusion of the government's case in chief and was denied. This preserved any arguments the defendant may have following his conviction and which he could have raised on appeal.

Defendant could have raised the alleged violation of the speedy trial rights on direct appeal, but did not do so. However, the Court will now review the claim of ineffective assistance of counsel in connection with the Speedy Trial allegations.

B.  <u>Ineffective Assistance of Counsel</u>

The Supreme Court established a two-part test to determine whether a defendant was

denied effective assistance of counsel in Strickland v. Washington, 466 U.S. 668 (1984). Under the Strickland standard, in order to prevail on a claim of ineffective assistance of counsel, a petitioner must establish that: (1) counsel's performance was deficient, and (2) counsel's deficient performance prejudiced the defense. Id. at 687; see also United States v. Kauffman, 109 F.3d 186, 190 (3d Cir. 1997). The Supreme Court has held that not "every asserted error of law can be raised on a § 2255 motion." Davis v. United States, 417 U.S. 333, 346 (1974). The error must constitute "a fundamental defect which inherently results in a complete miscarriage of justice." Hill v. United States, 368 U.S. 424, 428 (1962). If, however, a claim, when taken as true and evaluated in light of the existing record, states a colorable claim for relief under Strickland, then further factual development in the form of a hearing is required. United States v. Dawson, 857 F.2d 923, 927 (3d Cir. 1988).

C.  Discussion of Speedy Trial Act in Contention of Claims of Ineffective Assistance of Counsel.

Because defendant's pretrial motions were filed on January 18, 2005, and were pending until June 15, 2005, and the trial began on July 5, 2005, the Court finds there was no violation of the Speedy Trial Act.

For purposes of the commencement date of the Speedy Trial clock and for simplicity, the Speedy Trial clock began to run in this case at the time of the initial arraignment of the defendant on December 13, 2004. On January 18, 2005, defense counsel filed pretrial motions in the case, which tolled the running of the Speedy Trial clock, with only 35 days having run since the date of Zahir's arraignment. See United States v. Willaman, 437 F. 3d 354, 358 (3d Cir. 2006). The case was listed initially for trial on February 7, 2005. However, on February 7, 2005, a pretrial hearing was held, and the defendant's trial, which had been scheduled to commence on February

7, 2005, was at that time ordered to be continued on defense motion until April 4, 2005. Zahir also consented, acknowledging this impacted his right to a speedy trial (see Docket Entry No. 21), and the court entered an order to continue the trial as to Zahir to April 4, 2005, pursuant to 18 U.S.C. § 3161(h)(8)(A); prior to April 4, 2005, the district court, which was at the time engaged in an extended jury trial of multiple defendants, sua sponte ordered the trial to be continued from April 4, 2005 to July 5, 2005, and further ordered that excludable time be computed and entered in the record from the date of the filing of the defendant's pretrial motions January 18) until such time that a hearing on the pretrial motions was concluded or other prompt disposition on the motions was made. See Docket Entry No. 24.

On June 7, 2005, the court issued a notice of a pretrial hearing to be held on June 15, 2005, in order to consider the defendant's pretrial motions. On June 15, 2005, following the hearing, the court entered an order requiring the government to produce in discovery an aerial surveillance videotape no later than June 24, 2005. Thus, all time from the filing of the defendant's pretrial motions on January 18, 2005, until the conclusion of the pretrial hearing on June 15, 2005 was excludable time under the Speedy Trial Act and the terms of the court's order. United States v. Willaman, 437 F.3d at 359.

The filing of the superseding indictment had no impact on the running of the Speedy Trial clock. On July 5, 2005, Zahir's jury trial commenced, with the jury returning a verdict of guilty as to all counts charged on July 13, 2005.

Thus, 35 days expired prior to the filing of the motions, only 20 additional days ran on the Speedy Trial clock from June 15, 2005 (the date of the pretrial motions hearing) to the first day of trial on July 5, 2005, resulting in a total number of 55 days of non-excludable time, and well within the 70 day limit set by the Speedy Trial Act.

The claim of ineffective assistance of counsel is rejected because defendant was not prejudiced, as his speedy trial rights were not violated.  Furthermore, the undersigned, having provided over the trial, concludes that Mr Sciolla was a highly skilled and effective counsel for the defendant, and defendant's claim of ineffective assistance of counsel is rejected.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 03-800 |
| | : | |
| TABARI MALIK ZAHIR | : | Civil Action No. 07-4524 |

**ORDER**

AND NOW, this 26th day of November, 2008, upon consideration of Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or correct Sentence by a Person in Federal Custody, and the response thereto, it is hereby **ORDERED** that Defendant's Motion is **DENIED**. There is no reason to grant a certificate of appealability. The Clerk shall close this case.

BY THE COURT:

/s/ Michael M. Baylson

_____
**MICHAEL M. BAYLSON, U.S.D.J.**

A:\USA v. Zahir.Memo.Order.wpd